HAROLD RIESS, Appellant, v. LOWELL LONG, Appellee

No. 45330.

NOVEMBER 12, 1940.

Swift & Swift, for appellant.

Hatter & Harned, for appellee.

HAMILTON, J.—The collision occurred on an east and west graveled highway at a point about 3½ miles west of North English, Iowa. The graveled portion of the highway was about 20 feet in width. The road was dry; the sun was shining; time—about 5:30 p. m., September 20, 1938. Plaintiff left his farm home about 4½ or 5 miles west of North English and was driving east; and had gone about 1½ miles when the collision occurred. Defendant's loaded truck was traveling west up a steep incline or hill and could not be seen by plaintiff until he reached the crest of the incline. Viewing the evidence most favorably to plaintiff, both vehicles were traveling practically in the center of the road. Neither party was aware of the presence of the other until the moment plaintiff's car came over the crest of the hill at which time defendant's truck was about 60 feet from the crest of the hill. Plaintiff, as he approached the brow of the hill, was traveling at 50 miles per hour; the defendant, 25 or 30 miles per hour. Neither slackened speed, sounded horn, or applied brakes; less than a second elapsed from the moment they were in sight of each other and the time of the impact. There was a ridge of gravel about 15 inches high along the south side of the 20-foot graveled way. Plaintiff pulled his car to his right to the edge of the gravel ridge and the vehicles sideswiped. The left corner of the truck bed sheared off about 12 inches of the body of plaintiff's car, after which the car proceeded diagonally toward the northeast, across the road and into the field north of the highway and stopped some 100 feet east of the point of impact, and the truck proceeded west about 30 feet where it was stopped. How either of the drivers can be held blameless under such circumstances is difficult to see.

The rule is well known that, if the plaintiff's conduct contributed in any manner and to any degree to his injury, he cannot recover.

Section 5031.03, Code of 1939, was intended to prevent just such accidents. It provides that the driver "on approaching the crest of a hill or grade" shall have his car "under control and on the right-hand side of the roadway".

Section 5023.04 also provides for having a car under control and for reduction of speed to a reasonable and proper rate "when approaching * * * a steep descent".

Section 5023.01, relating to speed, provides that "no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead, such driver having the right to assume, however, that all persons using said highway will observe the law."

Plaintiff's conduct was a clear violation of all these statutory provisions and we do not believe reasonable men would differ in holding that such conduct contributed in some degree to plaintiff's injury. This being true, the trial court was right in directing a verdict for defendant.—Affirmed.

SAGER, MILLER, MITCHELL, HALE, BLISS, and STIGER, JJ., concur.

OLIVER, J., concurs in result.